**JAY R. DOVE** (SBN#81848)
Attorney at Law
1010 2nd Ave., Suite 1000
P.O. Box 124859
San Diego, CA 92112-4859
Telephone: (619) 696-0601
e-mail: jay@dovelaw.com

Attorney for Plaintiff Leitha McMinn

**THE UNITED STATES DISTRICT COURT FOR**

**THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **LEITHA McMINN,**<br><br>Plaintiff,<br><br>vs.<br><br>**MIDLAND CREDIT MANAGEMENT, INC.,** a Kansas corporation,<br><br>Defendant | Case No.: **'14CV0272 DMS DHB**<br><br>**COMPLAINT FOR STATUTORY DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)** |

Plaintiff alleges:

**INTRODUCTION**

1. California Business and Professions Code provides:

> No person shall practice law in California unless the person is an active member of the State Bar.

2. A debt collector who is not licensed to practice law in the State of California may not direct, commence, file, prosecute, negotiate, or maintain a lawsuit in the State of California on

behalf of another.

3. A debt collector who engages in the unauthorized practice of law in attempting to collect an alleged consumer debt is liable to the consumer under 15 U.S.C. § 1692e(5).

**JURISDICTION AND VENUE**

4. This action arises out of Defendant's violation of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §§ 1692 et.seq.

5. Jurisdiction of the Court arises pursuant to 15 U.S.C. § 1692(k)(d) which permits an action to enforce FDCPA liability in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction.

6. Defendant conducted business within the State of California, including in and from its principal place of business in the City of San Diego, County of San Diego, State of California.

7. Because Defendant does business within the State of California, personal jurisdiction is established.

8. Jurisdiction of the Court arises pursuant to 28 U.S.C. § 1331.

9. Venue is proper pursuant to 28 U.S.C. § 1391.

**PARTIES**

10. Plaintiff Leitha McGuinn (hereinafter McGUINN) is an adult and at all times relevant herein is and was a resident of the County of Sonoma, State of California.

11. Midland Credit Management, Inc. (hereinafter MIDLAND CREDIT MANAGEMENT), was, and is, a corporation formed and maintained under and pursuant to the laws of the State of Kansas.

12. MIDLAND CREDIT MANAGEMENT is registered and qualified to do business in California with the California Secretary of State [Entity No. C2235363].

**STATEMENT OF FACTS**

13. At some time prior to 2011, Plaintiff McGUINN obtained a credit card from Chase.

14. McGUINN acquired and used her Chase credit card for personal, household, and personal purposes.

15. Plaintiff McGUINN is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

16. Defendant MIDLAND CREDIT MANAGEMENT is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed or due another and is, therefore, a "debt collector" as that phrase is defined by 15 U.S.C. § 1692a(6).

17. Defendant MIDLAND CREDIT MANAGEMENT is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

18. Defendant MIDLAND CREDIT MANAGEMENT is licensed with the City of San Diego to conduct business in the City of San Diego.

19. On or about December 18, 2011, Defendant MIDLAND CREDIT MANAGEMENT mailed an unsigned letter to McMINN stating, in part:

> Midland Funding LLC recently purchased your CHASE BANK USA, N.A. account and Midland Credit Management, Inc. ("MCM"), a debt collection company, is the servicer of the of this obligation.

20. Midland Funding LLC (hereinafter Midland Funding) is a Delaware limited liability company qualified to do business in the State of California. (Entity No. 200801710065)

21. Midland Funding's principal place of business is located in the City of San Diego,

County of San Diego, State of California.

22. Midland Funding LLC is not licensed with the City of San Diego to conduct business in the City of San Diego.

23. On or about December 17, 2012, an unsigned letter dated December 17, 2012, was sent from K. Davis, Group Manager, MIDLAND CREDIT MANAGEMENT to McGUINN stating, in part:

> The purpose of this letter is to inform you that your account has been transferred to the internal legal collections department at Midland Credit Management, Inc. ("MCM") for possible initiation of legal proceedings against you. To date, no decision has been made to file suit against you, nor has an attorney reviewed the particular circumstances of your account.
>
> . . . . . . .
>
> Please be advised that if we do not obtain payment or otherwise reach a satisfactory resolution of your account within thirty (30) days of the date of this letter, we may forward your account to an attorney in your jurisdiction for review and legal proceedings may be initiated against you that may increase the extent of your obligation through applicable court costs.
>
> . . . . .

24. On February 21, 2013, a Limited Jurisdiction Civil Complaint entitled Midland Funding LLC v Leitha McMinn, Sonoma County Superior Court Case No. MCV-22702525, was filed in the Sonoma County Superior Court for the State of California alleging that McGUINN owed Midland Funding money arising from her use of a credit account that McGUINN had held with Chase Bank USA, N.A.

25. The Sonoma County civil complaint against McGUINN alleges that McGUINN is liable to Midland Funding on an account stated in writing as follows:

> Within the last four (4) years, Defendant became indebted on the Account to Plaintiff in the sum of $3,368.78 on an account stated in writing by and between Plaintiff and Defendant in which it was agreed that Defendant was indebted to Plaintiff.

26. In responding to written discovery as to who the account stated in the Sonoma County civil complaint against McGUINN was between, Midland Funding substantively responded as follows:

> The account was stated between Defendant and Plaintiff when MCM mailed a statement of account to Defendant and she failed to pay the amount due on the statement. The account stated originally was originally with the original creditor, CHASE BANK USA, N.A., who assigned all rights of the subject account to the Plaintiff.

27. The alleged obligation of McGUINN in the Sonoma County civil complaint against McGUINN is a "debt" within the meaning of § 1692a(5) of Title 15 of the United States Code.

28. The Sonoma County civil complaint against McMINN was purportedly signed by an attorney licensed to practice law in the State of California, namely Karen L. Etsell (SBN#272739).

29. According to the on-line records of the California State Bar, attorney Karen Etsell Lusis, California State Bar No. 272739, is an active member of the California State Bar who lists her business address as:

Midland Credit Management

8875 Aero Drive, Suite 200

San Diego, CA 92123.

30. On March 26, 2013, a Proof of Service of Summons was filed in the Sonoma County civil action against McMINN stating that on March 11, 2013 McGUINN was served with a copy of the Summons and Midland Funding's Complaint by means of substituted service on a co-occupant at Plaintiff's residence address.

31. Both Midland Funding and MIDLAND CREDIT MANAGEMENT represent to the public that Midland Funding is the owner of the alleged debt purchased and that MIDLAND CREDIT MANAGEMENT is a debt collector and servicer of the alleged obligation.

32. An unsigned letter dated March 21, 2013, was sent on MIDLAND CREDIT MANAGEMENT letterhead from K. Davis, Group Manager, MIDLAND CREDIT MANAGEMENT to McGUINN. The letter references a current balance due of $3,807.62 on an account currently owned by Midland Funding with the original creditor being set forth as Chase Bank USA, N.A.. The letter states, in part:

> We have been notified that you have been served with a copy of the lawsuit commenced against you on the account referenced about. We are contacting you in an effort to resolve the matter voluntarily. If we are not able to resolve the matter voluntarily, we intend to seek a judgment against you, which may then be enforced in accordance with applicable state law.
>
> The balance listed above includes any interest, late charges, or other charges that may apply to this account as of the date of

this letter. In addition, interest and charges may continue to accrue on this account until the account is satisfied, and we may have incurred additional costs in connection with the lawsuit. Thus, the amount we may be willing to accept in settlement of the lawsuit may be greater than the total amount above. We are not obligated to renew this or any other settlement offer.

Please contact us today (866) 626-5053 to obtain an exact payoff amount or to discuss resolution of the account. Depending on your circumstances, we can provide a reasonable payment plan or other accommodation as appropriate, but we need to hear from you or the lawsuit will proceed.

33. The March 21, 2013 letter from MIDLAND CREDIT MANAGEMENT to McGUINN includes the following statement:

PLEASE UNDERSTAND THIS IS A COMMUNICATION FROM A DEBT COLLECTOR AND AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

34. In response to the March 21, 2013 letter from MIDLAND CREDIT MANAGEMENT, McGUINN contacted MIDLAND CREDIT MANAGEMENT concerning the Sonoma County civil lawsuit pending against her.

35. On or about April 3, 2013, McGUINN spoke to a person at MIDLAND CREDIT MANAGEMENT identifying herself as Teresa Trice about the Sonoma County lawsuit pending against McGUINN and about McGUINN"s financial situation.

36. An unsigned letter dated April 3, 2013, was sent on MIDLAND CREDIT MANAGEMENT letterhead from K. Davis, Group Manager, MIDLAND CREDIT MANAGEMENT to McGUINN. The letter references an account currently owned by Midland Funding with the original creditor set forth as Chase Bank USA, N.A.. The letter enclosed a blank Financial Statement form. The letter states, in part:

> We are in receipt of your hardship claim and we understand that you may be in a situation that affects your ability to repay your account balance. We ask that you please send proof of your hardship to our office for review within 14 days of the date of this letter so that we can properly process your claim.
>
> . . . . . . . . . .
>
> Please contact our office today, toll free at (866) 626-5053, if you would like to further discuss this account. We have payment plans available, and are committed to finding a solution that accommodates you.

37. The Financial Statement Form states, in part, that "The information stated below" "is intended to be used for the settlement of MCM Acct#. . . "

38. The Financial Statement form asks for the name of the person and that of his or her spouse or domestic partner and each of their social security numbers. The Financial Statement form also asks for address, employer, date of hire, spouse's employer, existence of dependents and their relationship. The Financial Statement form asks for a detailed list of assets and liabilities. The Financial Statement form includes a section for a notary public to notarize that the information provided is true and correct.

39. On April 5, 2013, McGUINN filed, in pro per, her Answer to the Sonoma County lawsuit against her. McGUINN denied the allegations of the Complaint and raised several affirmative defenses, including standing, stating that Midland Funding "has no admissible evidence that it owns the alleged debt at issue, or is the assignee of the debt."

40. After filing her Answer to the Sonoma County lawsuit against her, McGUINN filled out the Financial Statement form provided to her by MIDLAND CREDIT MANAGEMENT. McGUINN's completed Financial Statement included personal and financial information about herself and her husband. On April 22, 2013, McGUINN appeared before a notary public to have her signature on the Financial Statement notarized.

41. McGUINN mailed her completed Financial Statement to MIDLAND CREDIT MANAGEMENT.

42. McGUINN never received a response to her request for a financial hardship claim.

43. After McGUINN submitted her financial hardship claim, McGUINN was served with written discovery in the Sonoma County lawsuit against McGUINN.

44. McGUINN served her own written discovery on Midland Funding.

45. An unsigned letter dated September 16, 2013 on MCM MIDLAND CREDIT MANAGEMENT letterhead from MIDLAND CREDIT MANAGEMENT to Leitha McMinn provides, in part:

> Please see the enclosed documents Plaintiff's Responses to Defendants' Special Interrogatories, Set One and Verifications to Plaintiff's Responses to Defendants' Special Interrogatories, Set One. If you have any questions, please contact our office. Thank you!

46. An unsigned letter dated September 16, 2013 on MCM MIDLAND CREDIT

MANAGEMENT letterhead from MIDLAND CREDIT MANAGEMENT to Leitha McMinn provides, in part:

> Please see the enclosed documents Plaintiff's Responses to Defendants' Request for Production of Documents, Set One and Verifications to Plaintiff's Responses to Defendants' Request for Production of Documents, Set One. If you have any questions, please contact our office. Thank you!

47. In an unsigned letter dated October 9, 2013 on MCM MIDLAND CREDIT MANAGEMENT letterhead, attorney Karen Etsell Lusis, Esq. of MIDLAND CREDIT MANAGEMENT purportedly wrote to McMINN about discovery pending in the Sonoma County lawsuit against McMINN.

48. In a signed letter dated October 23, 2013 on MCM MIDLAND CREDIT MANAGEMENT letterhead, attorney Karen Etsell Lusis, Esq. of MIDLAND CREDIT MANAGEMENT wrote to McMINN about discovery pending in the Sonoma County lawsuit against McMINN.

49. An unsigned letter dated December 3, 2013 on MCM MIDLAND CREDIT MANAGEMENT letterhead from Midland Credit Management, Inc. to Leitha McMinn provides, in part:

> Please see the enclosed document Plaintiff's Responses to Defendants' Special Interrogatories, Set One. Verifications will be sent shortly. If you have any questions, please contact our office. Thank you!

50. An unsigned letter dated December 4, 2013 on MCM MIDLAND CREDIT MANAGEMENT letterhead from MIDLAND CREDIT MANAGEMENT to Leitha McMinn provides, in part:

Please see the enclosed document, Verification to Plaintiff's Response to Defendant's Special Interrogatories, Set One. If you have any questions please contact our office. Thank you!

51. The verification to Plaintiff's Responses to Defendant's Special Interrogatories, Set One, states, in part:

> I, Alex Zaytsev, an employed as a paralegal for Midland Credit Management, Inc., the services of this account on behalf of MIDLAND FUNDING LLC. I have read the foregoing PLAINTIFF'S RESPONSES TO DEFENDANT'S SPECIAL INTERROGATORIES, SET ONE, and know the contents thereof. The matters stated therein are true and correct to the best of my knowledge, information and belief, based on my review of the business records of plaintiff and available factual information.

52. The signature on the verification to Plaintiff's Responses to Defendant's Special Interrogatories, Set One, is followed with:

> Name: Alex Zaytsev
>
> Title: Authorized Representative
>
> MIDLAND FUNDING LLC

53. MIDLAND CREDIT MANAGEMENT is a nationwide debt collector.

54. MIDLAND CREDIT MANAGEMENT is not licensed to practice law in the State of California.

55. According to the on-line records of the California State Bar, there is no "K. Davis" associated with MIDLAND CREDIT MANAGEMENT who is licensed to practice law in the

State of California.

56. According to the on-line records of the California State Bar, there is no "Teresa Trice" who is licensed to practice law in the State of California.

57. According to the on-line records of the California State Bar, there is no "Alex Zaytsev" who is licensed to practice law in the State of California.

58. Midland Funding LLC is not licensed to practice law in the State of California.

59. Karen Etsis Lusis, Esquire, does not have a business license with the City of San Diego to conduct business in the City of San Diego.

60. The FDCPA is set forth in Sections 1692 et.seq., of Title 15 of the United States Code.

61. Congress, as set forth in § 1692(e), enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses.

62. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Congress has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. 15 U.S.C. § 1692(a).

//

//

//

//

**THE FIRST CLAIM FOR VIOLATION OF THE**

**FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

**[15 U.S.C. § 1692e(5)]**

**[Unauthorized Practice of Law]**

**(APPLIES TO DEFENDANT MIDLAND CREDIT MANAGEMENT)**

63. Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 62, as though set forth at length herein

64. MIDLAND CREDIT MANAGEMENT participated in the filing, prosecution, attempts to negotiate, and continued maintenance of the Sonoma County lawsuit against McGUINN.

65. After the Sonoma County lawsuit against McGUINN was filed, MIDLAND CREDIT MANAGEMENT communicated directly with McGUINN other than by an attorney licensed to practice law in the State of California in an attempt to negotiate the pending lawsuit.

66. California Business and Professions Code Section 6125 provides:

> No person shall practice law in California unless the person is an active member of the State Bar.

67. MIDLAND CREDIT MANAGEMENT has practiced law in the State of California without a license.

68. Section 1692e(5) of Title 15 of the United States Code prohibits any debt collector from taking any action that cannot legally be taken.

69. MIDLAND CREDIT MANAGEMENT's practice of law without a license violates Section 1692e(5) of Title 15 of the United States Code.

70. Plaintiff is entitled to recover statutory damages in the amount of $1,000 pursuant to

Section 1692k(a)(2) of Title 15 of the United States Code.

71. Plaintiff is entitled to recover attorney's fees and costs pursuant to Section 1692k(a)(3) of Title 15 of the United States Code.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for Judgment against Defendant MIDLAND CREDIT MANAGEMENT as follows:

On the First Claim for violation of the FDCPA:

1) For statutory damages of $1,000 pursuant to Section 1692k(a)(2) of Title 15 of the United States Code;
2) For attorney's fees pursuant to § 1692k(a)(3) of Title 15 of the United States Code;
3) For costs incurred; and
4) For any other and further relief as the court may deem proper.

//

Dated: February 5, 2014

Respectfully submitted,

s/Jay R. Dove

Attorney for Plaintiff LEITHA McGUINN

e-mail: jay@dovelaw.com

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
LEITHA McMINN

**DEFENDANTS**
MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation

(b) County of Residence of First Listed Plaintiff: Sonoma
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: ______
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Jay R. Dove, Esq.(SBN #81848), Attorney at Law, P.O. Box 124859, San Diego, CA 92112, (619) 696-0601

Attorneys *(If Known)*

**'14CV0272 DMS DHB**

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☒ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. Section 1692e(5)
Brief description of cause:
Unfair debt collection practice violation (Fair Debt Collection Practices Act)

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 1,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
JUDGE ______ DOCKET NUMBER ______

DATE: 02/05/2014
SIGNATURE OF ATTORNEY OF RECORD: s/ Jay R. Dove

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______